SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–1149 PA (CTx) | Date | July 29, 2008 |
|---|---|---|---|
| Title | Bruce Dougherty, et al. v. City of Covina, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Rosa Morales | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Gary Casselman | John Allen (Charter Oak U.S.D.) |
| | Ross Trindle (City of Covina, Bobkiewicz, Raney) |

**Proceedings:**   IN CHAMBERS – COURT ORDER

      Before the Court is a complaint ("Complaint") filed by plaintiffs Bruce and Jonathan Dougherty ("Plaintiffs").  In the Complaint, Plaintiffs bring state law and 42 U.S.C. § 1983 claims against Charter Oak Unified School District and several of its employees (collectively "District Defendants").  The claims against District Defendants arise out of their handling of an accusation filed against Bruce Dougherty by a student.  Plaintiffs also bring several § 1983 claims against the City of Covina and several of its police officers ("Police Defendants"), arising out of a search of Bruce Dougherty's home.

      Federal Rule of Civil Procedure 20(a)(2) provides that defendants may be joined in an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Here, it appears that the District Defendants' handling of the accusation against Bruce Dougherty, and the Police Defendants' allegedly unconstitutional search, do not arise out of the same transaction or occurrence, and do not involve common questions of law or fact.  Furthermore, it does not appear that relief is sought against the Defendants jointly, severally, or in the alternative.  Accordingly, Plaintiffs are hereby ordered to show cause in writing, no later than August 11, 2008, why the Police Defendants should not be dropped for misjoinder pursuant to Federal Rule of Civil Procedure 21.

      In response to this Order to Show Cause, Plaintiffs may, if they so choose, file a separate action against the Police Defendants with a notice of related case naming this action.  Upon receipt of the new action, the Court would drop the Police Defendants from this action and dismiss Plaintiffs' claims against them without prejudice.  Plaintiffs shall inform the Court no later than August 11, 2008 if they intend to file a new action, and the new action shall be filed no later than August 25, 2008.  Failure to timely respond to this Order to Show Cause will result in the dropping of the Police Defendants.

      IT IS SO ORDERED.